U.S
WESTERN        COURT
              LOUISIANA

OCT 1 6 2015

TONY R. MOORE CLERK
BY _____
              DEPUTY

UNITED STATES DISTRICT COURT                            a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

TRAVIS DENORRIS ARNOLD                DOCKET NO. 15-CV-1734; SEC. P
(#18706-058)

VERSUS                                JUDGE DRELL

MR. TREADWAY, ET AL.                  MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the Court is the complaint of Travis Denorris Arnold, filed on May 18, 2015 pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1]. Plaintiff is proceeding pro se and in forma papueris. Plaintiff is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. He names as defendants Kevin Joyce, Warden Carvajal, Mr. D. Huddleston, and Mrs. Hewitt.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Allegations

According to the complaint and exhibits, Plaintiff was assigned to the Food Service AM Dining detail on January 2, 2013. The following day, he was reassigned to the Office detail, where he

---

[1]In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

performed maintenance work around the kitchen. On May 14, 2013, Plaintiff was again reassigned to the AM Cook detail "for not performing assigned duties as expected." [Doc. #1, p.22] On May 24, 2013, Plaintiff submitted a request to the Assistant Food Service Administrator for a job assignment in the Commissary. [Doc. #1, p.22] Plaintiff was removed from the Food Service detail.

On January 15, 2014, Plaintiff was once again reassigned to the AM Dining detail. Plaintiff informed Food Service staff that he did not want to work on the AM Dining detail and wanted to retrun to the maintenance position. Plaintiff was informed that the maintenance position was no longer available. According to the prison officials, Plaintiff then quit his job. According to Plaintiff, he was fired. [Doc. #1, p.22]

Apparently Plaintiff complained in his grievance that he was fired from his food service job due to his religious and political beliefs. As of September 2014, Plaintiff was working on the Yard PM detail. [Doc. #1, p.22]

Plaintiff complains that he is being held in "illegal slavery" because the defendants claim that he quit his job in the food service department and will not reinstate him in that position. He also mentions retaliation and a lack of access to the Court.

### Law and Analysis

1. **Screening**

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or

employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2).  Both §1915(e)(2)(B) and §1915A(b) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327.  A claim is factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are "fanciful,"[2] "fantastic,"[3], and "delusional[4]." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[2]Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[3]Id. at 328.

[4]Id.

## 2.   Prison Employment

Plaintiff assumes that he has a Constitutional right to particular prison employment. In order to state a Constitutional claim for either a substantive or procedural due process violation, the plaintiff must demonstrate that he was "denied a cognizable liberty or property interest clearly established either by state law or the United States Constitution." Wooley v. City of Baton Rouge, 211 F.3d 913, 919 (5th Cir. 2000); accord Sandin v. Conner, 515 U.S. 472, 481-83 (1995) (a prisoner has a liberty interest only in "freedom[s] from restraint ... impos [ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); Bryan v. City of Madison, 213 F.3d 267, 274 (5th Cir. 2000), cert. denied, 531 U.S. 1145 (2001) (property interest). An inmate's expectation of obtaining or keeping a specific prison job, or any job, does not implicate a protected property interest. See Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995). Thus, Plaintiff does not have a protected interest in obtaining or maintaining a food services job.

## 3.   Retaliation

Plaintiff seems to claim that he was refused a food services job in retaliation for filing grievances. It is well-established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995), cert. denied, 516 U.S. 1084 (1996). To state a claim of

retaliation, a prisoner must allege facts that establish (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation.

According to his exhibits, Plaintiff did not receive his desired job because of "many different variables" such as "number of inmates on a work detail, number of inmates authorized on a work detail, inmate's history, length of sentence, length of time inmate has been on a work detail, if the inmate was fired from a detail, physical limitations, if other inmates placed requests prior to yours, and institution security concerns." [Doc. #1, p.10] Plaintiff has not presented any factual allegations of retaliation. He did not submit a grievance until after he was denied the food services job. Plaintiff has not alleged non-conclusory allegations of retaliation.

### 4.    Access to Courts

Plaintiff mentions that the Defendants are conspiring to stop him from exercising his right to access the court system in an effort to prevent other prisoners from doing the same. [Doc. #1, p.9] To the extent that Plaintiff seeks to raise a claim that he was denied meaningful access to the courts, his claim fails. The right of access to the courts is not unlimited and includes only a reasonable opportunity to file *non-frivolous* legal claims challenging the prisoner's convictions or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Thus,

in order to state a claim that he was denied the right of access to the courts, a plaintiff must demonstrate that his position as a litigant was *actually prejudiced*. See <u>Eason v. Thaler</u>, 73 F.3d 1322, 1328 (5th Cir. 1996)(per curiam)(citing <u>Walker v. Navarro County Jail</u>, 4 F.3d 410, 413 (5th Cir. 1993)). The requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." <u>Lewis</u>, 518 U.S. at 354. Instead, a plaintiff must, at the very least, show that he was prevented from filing a non-frivolous pleading.

The defendants have clearly not stopped Plaintiff from accessing the court. Plaintiff filed eleven complaints in this court in May 2015. He filed six civil suits in this court in 2014, and one civil suit in 2013, many of which have now been dismissed with prejudice. There is no evidence that he has been unable to file any non-frivolous pleading in this Court, or any other court.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Bivens claim be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and §1915A.

## Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being**

served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 16th day of October, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE